UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tasha K. Higdon, )<br>    Plaintiff, )<br>)<br>       vs. )<br>)<br>Heritage Trust Federal Credit Union, )<br>and Heritage Trust Financial Services, LLC, )<br>)<br>    Defendant. )<br>_____) | CASE NO.: 2:08-cv-3165-CWH-GCK<br><br>COMPLAINT<br>Jury Trial Requested |

**JURISDICTION AND PARTIES**

     1.    This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*

     2.    All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

        a.    A charge of employment discrimination on basis of sexual harassment was filed with Equal Employment Opportunity Commission ("EEOC").

        b.    Notification of the Right to Sue was received from the EEOC on or about August 24, 2008.

        c.    This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

     3.    Plaintiff, Tasha K. Higdon, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

     4.    All discriminatory employment practices alleged herein were committed within the County of Berkeley, State of South Carolina.

     5.    Defendant, Heritage Trust Federal Credit Union, upon information and belief, is a financial institution existing under the laws of South Carolina with headquarters in Charleston, South Carolina.

     6.    Defendant, Heritage Trust Financial Services, LLC, d/b/a, upon information and belief, is a financial institution existing under the laws of South Carolina with headquarters in Charleston, South Carolina.

7. Defendants, are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. On March 9, 2004, Plaintiff began working for Defendants most recently as a branch manager in the Goose Creek branch located in Berkeley County, South Carolina.

12. During Plaintiff's employment with Defendants, Plaintiff was subjected to inappropriate sexual advances, comments and gestures by the senior vice-president, Bill Maher, and the highest ranking person at the location where the Plaintiff worked and therefore, he was the "alter ego" of Defendants. Defendants had prior notice of Mr. Maher's past poor behavior.

13. During the entire course of Plaintiff's employment with Defendants, Mr. Maher was acting within the scope of his employment.

14. When the Plaintiff reported to work the next morning, she informed her coworkers of the incident and began typing up her written complaint of sexual harassment.

15. Plaintiff was fired on June 22, 2007 as she was preparing the complaint.

16. Upon information and belief, the company fired the Plaintiff in an effort to foreclose the sexual harassment complaint of the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS/DISCRIMINATION

17. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18. Defendants, as Plaintiff and Mr. Maher's employer were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

  a. In visual, physical, and verbal contact by sexual advances and gestures that was repeated after being informed by the Plaintiff that the contact was unwanted;

  b. In terminating Plaintiff in retaliation in anticipation of her reporting the sexual harassment and advances by Mr. Maher.

19. Bill Maher was the highest ranking person at the location where the Plaintiff worked and therefore, he was the "alter ego" of Defendants. Defendants had prior notice of Mr. Maher's past poor behavior.

20. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered severe and permanent injuries, both physically and mentally.

21. The Defendants violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224 by retaliating against Plaintiff and allowing a hostile work environment to exist regarding sexual harassment in the workplace.

22. Defendants violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224, due to the sexual harassment and advances by the Plaintiff's co-worker.

23. As a direct and proximate result of the acts and practices of Defendants, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

24. As a direct and proximate result of the acts and practices of Defendants in the retaliatory discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
## RETALIATION

25. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

26. That the unjust disciplinary actions and retaliatory discharge of Plaintiff's with Defendants was the response by Defendants, its agents and servants, to Plaintiff's anticipated reports and complaints of lewd and inappropriate behavior of Mr. Maher including sexual harassment.

27. That the aforesaid conduct of Defendants, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

28. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the retaliatory discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## REQUEST FOR RELIEF

29. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

31. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgement in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgement in favor of the Plaintiff and against Defendants for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action an any other relief this Honorable Court deems allowable under law, and just and proper.

                                s/Jarrel L. Wigger
                                JARREL L. WIGGER, ESQUIRE
                                Federal I.D. # 6345
                                Attorney for the Plaintiff
                                8086 Rivers Avenue
                                North Charleston, SC  29406
                                (843) 553-9800

Charleston, South Carolina
16th day of September, 2008.